# IN THE UNITED STATES DISTRICT
# COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MICHAEL ANTHONY KING**                                     **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 2:11CV00016-WAP-JMV**

**W. W. GRAINGER, INC.**                                      **DEFENDANT**

## ORDER

Before the court are the plaintiff's Motion to Amend the Pleadings (# 85); Motion to Amend [85] Motion (# 92 ); Motion to Amend [92] Motion (# 96); Motion to Amend (# 97); Motion to Amend [97] Motion (# 101); Motion to Amend (# 102); and Motion to Quash (# 105).

*Motions to Amend*

On July 14, 2011, the *pro se* plaintiff filed a Motion to Amend the Pleadings (# 85). On July 28 the plaintiff filed a Motion to Replace [85] Motion to Amend (# 92). On August 1 the defendant filed its Response in Opposition (# 94) to both of the plaintiff's motions to amend.[1] On August 4 the plaintiff filed a Motion for Leave to Replace [92] Motion to Amend (# 96) and a Second Corrected Motion to Amend (# 97). On August 10 the plaintiff filed yet another Motion for Leave to Replace [97] Motion to Amend (# 101) and a Third Corrected Motion to Amend (# 102).

As an initial matter, in light of the foregoing list of motions and prior motions filed by the *pro se* plaintiff in this case, *see* Order (# 75) terminating Documents # 73 & # 74, the court feels

---

[1]The court notes that the defendant's response to those motions addressed exclusively the plaintiff's request to submit information in support of his request to revive claims previously dismissed by the court. The defendant did not address the plaintiff's request to specify damages and to add details in support of his sex discrimination claim.

it is necessary to admonish the plaintiff that multiple improper and/or careless filings in a standard case such as this one only serve to cloud the docket of the case and needlessly divert judicial resources away from more pressing matters. Accordingly, the plaintiff is hereby cautioned to exercise the utmost discretion in preparing and filing documents in this case, as the future entry of any unnecessary or otherwise improper filing may be deemed an abuse of the processes of this court and may expose the plaintiff to sanctions, *including but not limited to* the striking or terminating of the filing without prior notice.

With regard to the plaintiff's Third Corrected Motion to Amend (# 102), the court notes that by part "A," the plaintiff seeks leave to submit documentary proof to support his representation that he submitted certain claims to the EEOC to be included in the charge of discrimination that makes the basis of this lawsuit. By Order dated June 13, 2011, District Judge Allen Pepper dismissed the plaintiff's race discrimination, color discrimination, harassment and failure to promote claims with prejudice because the plaintiff failed to include these claims in his EEOC charge. It appears that this portion of the plaintiff's Third Corrected Motion to Amend seeks to reassert these dismissed claims. Accordingly, part "A" of the motion is more appropriately a motion to reconsider the court's June 13 Order or a Rule 60 motion for relief from that Order. Thus, this portion of the motion is hereby terminated without prejudice to the plaintiff's right to re-file it separately before the district judge **within 7 days of this date**.

Next, in parts "B" and "C," the plaintiff seeks to specify the damages he seeks in this lawsuit and to add a more detailed statement of facts that support his sex discrimination claim. In light of the liberal standard under FED. R. CIV. P. 15 for amendments to the pleadings, the

court will allow the amendments requested in parts "B" and "C" only of the instant motion.[2] Therefore, the plaintiff's motion to amend is **GRANTED in part**, **and the complaint is deemed amended as of this date**. The plaintiff will be allowed no further amendments to the complaint, the deadline for amendments now having expired.

**IT IS FURTHER ORDERED** that the remaining motions to amend listed above are hereby terminated as **MOOT**.

*Motion to Quash*

The plaintiff filed the instant motion to quash subpoenas (# 105) on August 12, 2011. In support of this motion the plaintiff states he received from the defendant a "Notice of Intent to Serve Subpoena" on August 10, 2011. According to the plaintiff, the Notice was dated August 1. Apparently, the subpoenas seek records from the plaintiff's past employers. The plaintiff objects to disclosure of this information on the grounds that disclosure would violate his privacy rights and that the information is essentially not relevant to any issues in this lawsuit.

Without need of a response from the defendant, the court finds the motion should be denied. L. U. Civ. R. 37(a) requires that prior to service of any discovery motion, counsel confer in good faith in an effort to resolve the matter without court intervention. Additionally, this rule requires that a good faith certificate be filed with every discovery motion. L. U. Civ. R. 45(e) explains that motions regarding subpoenas are considered discovery motions. The plaintiff failed to attach a good faith certificate to the instant motion. Neither did he, at the very least, provide a statement that he attempted to resolve this matter with defense counsel prior to filing the instant motion. Moreover, the plaintiff failed to attach copies of the objectionable notice and subpoenas

---

[2]The dashed paragraphs following part "C" in the plaintiff's motion are not included.

to his motion.  Consequently, the court has no way of determining the urgency of this matter or ascertaining the exact nature of the information sought by the defendant.   The court certainly acknowledges that a *pro se* litigant cannot be held to the same standard as a licensed attorney.  However, the plaintiff's *pro se* status in no way excuses him from abiding by the rules of this court.  Accordingly, the instant motion is hereby **DENIED** without prejudice to the plaintiff's right to re-file it in accordance with the rules of this court.

      SO ORDERED this 15th day of August, 2011.

      /s/ Jane M. Virden
      UNITED STATES MAGISTRATE JUDGE