IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**MICHAEL ANTHONY KING**                                                                   **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 2:11CV00016-WAP-JMV**

**W. W. GRAINGER, INC.**                                                 **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the court are the defendant's Motion to Set Aside Jury Trial Setting (# 87) and Motion to Strike Plaintiff's Response to Defendant's Reply in Support of It's Motion to Set Aside Jury Trial Setting (# 109). The matter has been referred to the undersigned magistrate judge for issuance of a report and recommendation. For the reasons set out below, it is recommended that the motion to set aside jury trial be denied and that the motion to strike be granted.

## Motion to Strike

The court will first consider the defendant's motion to strike the plaintiff's response to its reply filed in support of the instant motion to set aside jury trial. The defendant filed its motion to set aside jury trial on July 18, 2011. On July 28 (# 93) the plaintiff filed his response to that motion, and the defendant filed its reply on August 8 (# 99). On August 10, without seeking or obtaining permission from the court, the plaintiff filed what he titled "Response of Plaintiff to Defendants' Response to Plaintiff's Motion to Strike Defendants' Motion to Set Aside Jury Trial" (# 100). The local rules of this court do not contemplate allowing a responding party to file a sur-rebuttal as a matter of course. Therefore, because the plaintiff failed to seek permission from the court prior to filing one in this instance, it is recommended that the defendant's motion

to strike be granted.

## Motion to Set Aside Jury Trial

By its motion to set aside the jury trial setting in this case, the defendant requests an order changing the current jury trial setting to a non-jury trial setting. In support of the motion, the defendant states that (1) the plaintiff waived his right to a jury try by failing to timely make a demand for a jury trial pursuant to FED. R. CIV. P. 38(b); (2) the plaintiff never served any demand for a jury trial upon the defendants; (3) the plaintiff did not make a motion for a jury trial setting; and (4) after the deadline for requesting a jury trial had passed, the court *sua sponte* granted a jury trial.

The record of this case evidences no formal written jury demand by the plaintiff. In his response to the instant motion, however, the plaintiff states he requested a jury trial during the case management conference ("CMC") conducted by Magistrate Judge Sanders on May 10, 2011.[1] The defendant has refuted this statement with the affidavits of defense counsel which essentially state that the plaintiff made no oral request for a jury trial during the CMC.[2] Nevertheless, there is no dispute that the plaintiff verbally communicated his desire for a jury trial setting in response to an inquiry by a courtroom deputy sometime immediately following the CMC, and the court entered an initial Notice of jury trial setting on May 11 (# 54).

*Federal Rule of Civil Procedure* 38 permits a party to demand a jury trial by serving a written demand "no later than 14 days after the last pleading directed to the issue is served" and

---

[1] The case was reassigned to the undersigned United States Magistrate Judge on July 7, 2011.

[2] The plaintiff and both defense attorneys appeared in person for the May 10 CMC.

2

filing the demand. FED. R. CIV. P. 38(b)(1)-(2). The rule expressly states that a jury trial is waived "unless its demand is properly served and filed." FED. R. CIV. P. 38(d). Accordingly, it appears that the plaintiff clearly waived his right to a jury trial. However, this determination does not end the court's consideration of this matter.

Local Uniform Civil Rule 38(b) states: "A request for a jury otherwise presented [than pursuant to FED. R. CIV. P. 38(b)] will be addressed to the sound judicial discretion of the court." Moreover, Fed. R. Civ. P. 39(b) explicitly provides that upon motion of a party, the court may in its discretion order a jury trial of some or all of the issues, notwithstanding the failure of a party to demand a jury trial in accordance with Rule 38. Accordingly, the court has discretion to relieve a party from waiver of the right to a jury trial. *See Daniel Int'l Corp. V. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citation omitted). And, absent strong and compelling reasons to the contrary, "the court should grant a jury trial." *Id.*

There are five factors that courts should consider in the exercising its discretion under Rule 39(b): (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *See id.*

First, this is a sex discrimination case, and the issues involved herein are the sort typically tried to a jury. Second, allowing a jury trial will not disrupt the court's schedule or that of the defendant in this instance because the case had already been placed on the jury calendar, where it remained for over two months before the filing of the instant motion. Third, the court finds there will be no prejudice to the defendant in this case, as there is and can be no claim of surprise. The

defendant submits that the plaintiff's *pro se* status and lack of familiarity with procedural and evidentiary rules will confuse a jury. However, assuming this were true, the plaintiff's *pro se* status does not strip him of his Seventh Amendment right to a jury trial. And, there would be no less of an issue with the plaintiff's *pro se* status had he timely filed a written jury demand. Fourth, the plaintiff made his oral request for a jury trial a little less than two months after the filing of the defendant's Answer to the Amended Complaint (#18) and immediately before the court entered a scheduling order in this case. *See Daniel, supra* (affirming the district court's denial of a motion to strike case from the jury calendar where there was a more than four month delay). Fifth, the court is obliged to consider the plaintiff's *pro se* status and ignorance of the rules in considering his tardiness in requesting a jury trial. *Cf. Lewis v. Thigpen*, 767 F.2d 252, 258-9 (5th Cir. 1985). The record of this case clearly reveals the *pro se* plaintiff's lack of familiarity with the rules of procedure of this court. *See,* e.g., Oder # 107 (admonishing plaintiff for improper filings and failure to abide by the rules of this court).[3] Ultimately, the court finds that no strong or compelling reason weighs in favor of removing this case from the jury trial calendar. Therefore, it is recommended that the defendant's motion to set aside jury trial be denied.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings,

---

[3]This, of course, is not in any way a pronouncement that *pro se* litigants are excused from complying with procedural rules, and the court has already admonished the plaintiff in this regard.

4

conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 15th day of September, 2011.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE