IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MICHAEL ANTHONY KING                                                          PLAINTIFF

v.                                               CIVIL ACTION NO. 2:11CV00016-WAP-JMV

W. W. GRAINGER, INC.                                                          DEFENDANT

**AMENDED ORDER**[1]

Before the court are the plaintiff's Motion for Sanctions (# 143) and Corrected Motion for Sanctions (# 146); plaintiff's Motion for Extension of Time (# 144); plaintiff's Motion to Seal Document (# 151); and Defendant's Motion for Sanctions (# 148).

The court took up the matter of plaintiff's motions for sanctions, defendant's motion for sanctions and plaintiff's motion for extension of time at a hearing held December 8, 2011. For the reasons stated during that hearing, which the court will reiterate briefly below, the plaintiff's motions for sanctions are DENIED, the Defendant's motion for sanctions is GRANTED and the plaintiff's motion for an extension is DENIED.

The court determined that the plaintiff's allegations that defense counsel and/or the defendant forged and falsified documents used and made exhibits to the plaintiff's deposition were wholly without factual support. Indeed, during the hearing the plaintiff essentially admitted that his claims were based on mere suspicion and indicated that had he been notified after the hearing that one of the documents had been mistakenly placed in his personnel file, he would have responded differently. The court was satisfied that none of the subject documents were used

---

[1] The court inadvertently failed to list the plaintiff's Corrected Motion for Sanctions (# 146) in its initial Order (# 152); however, this motion was fully addressed and ruled upon during the December 8 hearing.

inappropriately, that the plaintiff was treated respectfully and fairly, and that defense counsel had no obligation to notify the plaintiff regarding the mistake. Ultimately, the court found that it was the plaintiff's conduct, i.e., lodging serious allegations of unethical and criminal conduct against another litigant and its counsel without any factual support, that warrants sanctions. Nevertheless, because of the *pro se in forma pauperis* status of the plaintiff, the court is of the opinion that a monetary sanction is unnecessary at this time. However, the plaintiff has been, and is hereby, sternly warned that he is barred from filing any additional papers in this case without prior authorization from the court, and that monetary sanctions– among other appropriate sanctions– will be entered against him for any further unfounded or frivolous filings.

Next, as regards the plaintiff's motion for extension of time, the court determined that the plaintiff has failed to show good cause for extension of the motions deadline. The deadline for filing motions has expired, and the supplementation the plaintiff seeks to make would be futile.

Lastly, the court has considered the plaintiff's motion to seal, and it is **GRANTED** for good cause shown. The plaintiff inadvertently filed Document #143 without first redacting sensitive information in accordance with the court's Administrative Procedures for Electronic Filing. Therefore, the clerk shall forthwith **SEAL** this document. Additionally, the plaintiff shall promptly refile this document with the appropriate redaction. However, if the plaintiff has failed to refile this document within 14 days of this date, within 21 days of this date, he shall show cause why the seal should not be lifted.

**SO ORDERED** this 13th day of December, 2011.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE